UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GLEN BENNETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BENJAMIN, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1546 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 3) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 3.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at California Medical Facility (CMF).  (ECF No. 1 at 2.)  He has identified M. Benjamin, E. Kraft, and B. Rivera as defendants in this action.  (Id.)

3

1	Plaintiff states on October 5, 2019, Kraft used force against him for the purpose of causing

2	him harm.  (Id. at 3.)  He further alleges that Rivera and Benjamin failed to stop Kraft from

3	"panding [plaintiff's] face into the ground." (Id.)

4	**III.	Does Plaintiff State a § 1983 Claim?**

5	**A. Excessive Force**

6	The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

7	Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

8	punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

9	Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

10	Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

11	and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

12	by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

13	The use of force is constitutional if used to keep or restore order in the prison; it is

14	unconstitutional if used maliciously or sadistically for the very purpose of causing harm.  Id. at

15	320-21 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)).  However, not "every

16	malevolent touch by a prison guard gives rise to a federal cause of action."  Hudson v. McMillian,

17	503 U.S. 1, 9 (1992).  "The Eighth Amendment's prohibition of cruel and unusual punishments

18	necessarily excludes from constitutional recognition of *de minimis* uses of physical force,

19	provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10

20	(citations and quotations omitted).

21	Among unnecessary and wanton inflictions of pain are those that are totally without

22	penological justification, Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Rhodes v. Chapman,

23	452 U.S. 337, 346 (1981)) (quotation marks omitted), and punitive treatment which amounts to

24	gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, Id.

25	at 738 (quotation marks omitted).  However, "prison administrators . . . should be accorded wide-

26	ranging deference in the adoption and execution of policies and practices that in their judgment

27	are needed to preserve internal order and discipline and to maintain institutional security."

28	Hudson, 503 U.S. at 6 (ellipsis in original) (citation omitted).

Plaintiff may be able to state a cognizable excessive force claim against Kraft. However, the complaint does not contain sufficient facts for the court to determine whether or not Kraft's actions amounted to a gratuitous infliction of pain. In any amended complaint, plaintiff should include facts indicating what happened that led Kraft to use force against plaintiff.

### B. Failure to Protect

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Plaintiff has alleged that Rivera and Benjamin failed to stop Kraft from harming him. However, as with the allegations against Kraft the complaint does not contain sufficient facts for the court to determine whether the acts complained of violated plaintiff's rights. For example, plaintiff should state facts showing that Rivera and Benjamin were close enough to prevent the incident from occurring.

### IV. Amending the Complaint

As set forth above, the complaint does not contain sufficient facts to state a claim. However, plaintiff will be given the opportunity to amend. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth

1 in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.
2 That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff
3 should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

4       Any amended complaint must show the federal court has jurisdiction, the action is brought
5 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
6 contain a request for particular relief. Plaintiff must identify as a defendant only persons who
7 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
8 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
9 of a constitutional right if he does an act, participates in another's act or omits to perform an act
10 he is legally required to do that causes the alleged deprivation).

11       In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
12 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
13 R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
14 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

15       The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
16 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
17 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
18 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
19 set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema
20 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
21 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

22       An amended complaint must be complete in itself without reference to any prior pleading.
23 E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.
24 Any amended complaint should contain all of the allegations related to his claim in this action. If
25 plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended
26 complaint.

27 ////
28 ////

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/benn1546.scrn